Joyce A. Hemmer, ISB #7202
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701
Telephone:  (208) 343-5454
Facsimile:  (208) 384-5844
jah@elamburke.com

John M. Skeriotis, Ohio Bar #0069263
(*Pro Hac Vice Application to be filed*)
EMERSON, THOMSON & BENNETT, LLC
1914 Akron Peninsula Road
Akron, Ohio 44313
Telephone:  (330) 434-9999
Facsimile:  (330) 434-8888
jms@etblaw.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW, an individual,<br><br>Defendants. | Case No. 4:25-cv-00298-AKB<br><br>ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT [DKT. 10] AND DEMAND FOR JURY TRIAL |

DNT LLC d/b/a Deez Nutz Tactical ("DNT") and Zack Morrow (collectively, "Defendants") respond to the Second Amended Complaint for Patent Infringement [Dkt. 10, "Complaint"] of ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. (collectively, "Plaintiffs") as follows. For convenience, this Answer uses the headings used in the Complaint; however doing

ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
[DKT. 10] AND DEMAND FOR JURY TRIAL – 1

so is not an admission that those headings are correct or appropriate. Every allegation not specifically admitted is denied.

## PARTIES

1.      Defendants lack knowledge or information sufficient to form a belief regarding the allegations of ¶1 of the Complaint.

2.      Defendants lack knowledge or information sufficient to form a belief regarding the allegations of ¶2 of the Complaint.

3.      Defendants admit the allegations of ¶3 of the Complaint.

4.      Defendants admit the allegations of ¶4 of the Complaint.

## JURISDICTION AND VENUE

5.      With respect to ¶5 of the Complaint, Defendants admit that Plaintiffs brought an action for patent infringement but deny that the action has merit.

6.      Defendants admit the allegations of ¶6 of the Complaint.

7.      Defendants admit the allegations of ¶7 of the Complaint.

8.      Defendants admit the allegations of ¶8 of the Complaint.

## BACKGROUND

9.      With respect to ¶9 of the Complaint, Defendants admit that Plaintiffs' lawsuit asserts contributory and induced infringement of U.S. Patent No. 12,038,247 (the "'247 Patent") but deny that the lawsuit has merit. Exhibit A to the Complaint is not a certified copy of the '247 Patent, so Defendants lack knowledge and information sufficient to form a belief regarding the remaining allegations.

ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
[DKT. 10] AND DEMAND FOR JURY TRIAL – 2

10.     With respect to ¶10 of the Complaint, Defendants admit that the '247 Patent issued on July 16, 2024, and that it purports to claim the benefit of a provisional application that was filed on September 8, 2022, but deny that the patent is entitled to such priority date or that the patent was lawfully and properly issued due to its invalidity.

11.     With respect to ¶11 of the Complaint, Defendants admit that a purported assignment of the '247 Patent's application to ABC has been recorded at the U.S. Patent and Trademark Office but lack knowledge and information sufficient to form a belief regarding the remaining allegations.

12.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations of ¶12 of the Complaint.

13.     Defendants deny the allegations of ¶13 of the Complaint.

14.     With respect to ¶14 of the Complaint, Defendants admit that ABC's counsel sent a cease-and-desist letter to Defendants but deny that the letter had merit, as explained in their May 8, 2025 reply letter, attached herein as Exhibit 1.

<u>The Invention</u>

15.     With respect to ¶15 of the Complaint, Defendants admit that the '247 Patent discloses a device for accelerating the firing sequence of a semiautomatic firearm, where the device can be selected to operate in a standard semiautomatic mode or a forced-reset semiautomatic mode. The disclosed device uses a cam (which is a component that the '247 Patent discloses as separate from the selector that selects the mode of operation) that is rotated by movement of the bolt carrier to force the trigger member to reset. The '247 Patent discloses that the device can be used in AR-pattern firearms. However, Defendants deny that the '247 Patent's device is novel and the

ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT [DKT. 10] AND DEMAND FOR JURY TRIAL – 3

remaining allegations.

16.    Defendants admit the allegations of ¶16 of the Complaint.

17.    With respect to ¶17 of the Complaint, Defendants admit that the disconnector (in a standard AR-pattern firearm) holds the hammer in a cocked position until the trigger sear can engage the hammer. In a standard semiautomatic AR-pattern firearm (i.e., with no modified or customized components), this prevents the firearm from either firing multiple rounds on a single pull of the trigger or from allowing the hammer to follow the bolt carrier as it returns to battery.

18.    With respect to ¶18 of the Complaint, Defendants admit that at least some forced-reset trigger designs utilize the cycling of the bolt carrier to cause the trigger member to be forced to the reset position (even where the user is maintaining and has not released pressure on the trigger).

19.    With respect to ¶19 of the Complaint, Defendants admit that the '247 Patent discloses a device with two modes of operation (standard semiautomatic and forced-reset automatic) but deny that the Patent discloses an improvement in such technologies, since such technologies were disclosed long before the '247 Patent.

20.    With respect to ¶20 of the Complaint, Defendants admit that the '247 Patent discloses a device that can operate in forced-reset mode, where a cam (which is a separate component from the mode selector) is rotated by movement of the bolt carrier to force the trigger member to reset.

<u>The Infringing Devices</u>

21.    With respect to ¶21 of the Complaint, Defendants admit that DNT is offering for sale and selling a Super Safety kit and components therefor. Defendants deny that the Super Safety

ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
[DKT. 10] AND DEMAND FOR JURY TRIAL – 4

embodies the technology claimed in the '247 Patent and the remaining allegations.

22.     With respect to ¶22 of the Complaint, Defendants admit that DNT sells and offers for sale the Super Safety kits and associated components via its website (https://deeznutztactical.com) and Facebook page but deny the remaining allegations (including that the Super Safety infringes the '247 Patent).

23.     With respect to ¶23 of the Complaint, Defendants admit that DNT sells a Super Safety cam and lever (that replace a standard AR-pattern safety selector) and a trigger customized to work with the Super Safety. Defendants deny the remaining allegations.

24.     With respect to ¶24 of the Complaint, Defendants admit that DNT sells Super Safety cam levers and triggers customized to work with the Super Safety, as explained in ¶23.

25.     With respect to ¶25 of the Complaint, Defendants admit that DNT sells "DB9 Super Safety Curved Kits" and "DB9 Super Safety Flat Kits." Defendants deny the remaining allegations.

26.     With respect to ¶26 of the Complaint, Defendants admit that DNT sells "DB9 Titanium Trip Bars" but deny the remaining allegations.

27.     With respect to ¶27 of the Complaint, Defendants admit that DNT sells "Centering Blocks" but deny the remaining allegations.

28.     With respect to ¶28 of the Complaint, Defendants admit that DNT sells "Go/No Go Gauges" and "Jigs" but deny the remaining allegations.

29.     Defendants admit that ¶29 of the Complaint quotes 35 U.S.C. §271(c).

30.     With respect to ¶30 of the Complaint, it is unclear which exact "parts" are referenced. Defendants further deny any contributory infringement.

ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
[DKT. 10] AND DEMAND FOR JURY TRIAL – 5

31.    With respect to ¶31 of the Complaint, it is unclear which exact "parts" are referenced. Defendants further deny any infringement (contributory or otherwise) of the '247 Patent.

32.    Defendants admit that ¶32 of the Complaint quotes 35 U.S.C. §271(b).

33.    Defendants deny the allegations of ¶33 of the Complaint.

34.    With respect to ¶34 of the Complaint, the "Infringing Devices" are defined as the Super Safety kits sold by DNT (see ¶21 of the Complaint); but the Super Safety kit cannot operate by itself in any mode. Furthermore, the Super Safety kit includes no separate safety selector. Therefore Defendants deny these allegations.

35.    With respect to ¶35 of the Complaint, it is unclear what the referenced "user" is using and what "cam" is referenced, so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

36.    Defendants admit the allegations of ¶36 of the Complaint.

37.    Defendants deny the allegations of ¶37 of the Complaint.

38.    Defendants deny the allegations of ¶38 of the Complaint.

39.    Defendants deny the allegations of ¶39 of the Complaint.

COUNT I – INDIRECT INFRINGEMENT OF THE '247 PATENT

40.    Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

41.    Defendants deny the allegations of ¶41 of the Complaint.

ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
[DKT. 10] AND DEMAND FOR JURY TRIAL – 6

42.    Defendants deny the allegations of ¶42 of the Complaint.

43.    Defendants deny the allegations of ¶43 of the Complaint.

44.    Defendants deny the allegations of ¶44 of the Complaint.

45.    Defendants deny the allegations of ¶45 of the Complaint.

46.    Defendants deny the allegations of ¶46 of the Complaint.

47.    Defendants deny the allegations of ¶47 of the Complaint.

48.    Defendants deny the allegations of ¶48 of the Complaint.

<u>COUNT II – DIRECT INFRINGEMENT OF THE '247 PATENT</u>

49.    Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

50.    Defendants deny the allegations of ¶50 of the Complaint.

51.    With respect to ¶51 of the Complaint, Defendants admit that ¶42 of the Complaint includes a chart that purports to compare claim 15 of the '247 Patent, but Defendants deny the truth of those allegations.

52.    With respect to ¶52 of the Complaint, Defendants admit that DNT sells "D2 Complete FCC Curved SS Kits" and "D2 Complete FCC Flat Super Safety Kits," as stated in ¶36 above, but deny the remaining allegations.

53.    Defendants deny the allegations of ¶53 of the Complaint.

54.    Defendants deny the allegations of ¶54 of the Complaint.

55.    Defendants deny the allegations of ¶55 of the Complaint.

ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
[DKT. 10] AND DEMAND FOR JURY TRIAL – 7

PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief requested in the Complaint.

**AFFIRMATIVE DEFENSES**

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Defendants have not infringed and do not infringe any valid and enforceable claim of the '247 Patent.

3.     The asserted claims of the '247 Patent do not meet the statutory requirements of the Patent Act, 35 U.S.C. § 101, *et seq*., and thus are invalid.

4.     Plaintiffs have failed to plead and prove compliance with 35 U.S.C. § 287, thus limiting any damages that they may recover.

5.     Plaintiffs' claims fail in whole or in part under principles of equity, including, without limitation, because of Plaintiffs' unclean hands and acts done in bad faith.

6.     Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

7.     Plaintiffs are not entitled to injunctive relief as they, at minimum, have not suffered any irreparable injury.

8.     Defendants' conduct was not the proximate cause of Plaintiffs' alleged damages.

9.     Pursuant to Federal Rule of Civil Procedure 11, at the time of the filing of this Answer, all possible affirmative defenses may not have been alleged inasmuch as sufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore Defendants reserve their right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants the same.

ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
[DKT. 10] AND DEMAND FOR JURY TRIAL – 8

## REQUEST FOR ATTORNEY FEES

Defendants have been required to retain the services of legal counsel in order to defend against Plaintiffs' Complaint and are entitled to reasonable attorney fees and costs incurred in the defense of this matter pursuant to 35 U.S.C. § 285, Rule 54 of the Federal Rules of Civil Procedure, and any other applicable statutes and/or common law provisions.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants hereby demand a trial by jury of no fewer than twelve persons on all issues so triable.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.      That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2.      That Defendants be awarded their attorney fees, costs, and expenses necessarily incurred in defending itself in this action; and

3.      For such other and further relief as this Court may deem just and proper.

DATED this 31st day of July, 2025.

ELAM & BURKE, P.A.


By:      /s/ *Joyce A. Hemmer*
        Joyce A. Hemmer, Of the Firm
        Attorneys for Defendants

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 31st day of July, 2025, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jared W. Allen<br>BEARD ST. CLAIR GAFFNEY PA<br>955 Pier View Drive<br>Idaho Falls, ID 83402<br>allen@beardstclair.com | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Federal Express<br>☐ Via Facsimile<br>☒ ECF / Email |
| Glenn D. Bellamy<br>WOOD HERRON & EVANS LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br>gbellamy@whe-law.com | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Federal Express<br>☐ Via Facsimile<br>☒ ECF / Email |

_____/s/ *Joyce A. Hemmer*_____
Joyce A. Hemmer

4937-5353-2505, v. 3

ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
[DKT. 10] AND DEMAND FOR JURY TRIAL – 10