UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABC IP, LLC and Rare Breed Triggers, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> DNT LLC and Zach Morrow <br><br> Defendants. | Case No.  25-cv-298 <br><br> **JOINT DISCOVERY PLAN** |

## I. Preservation

   a. **Preservation & Proportionality:**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

   b. **Electronically Stored Information (ESI):**  With regard to ESI, the parties agree that:

   i. **Date Range:**  Only ESI created or received between September 8, 2022, to present will be preserved;

   ii. **Scope of Preservation:**  The parties agree to:

   1. Preserve the Following Types of ESI

   a. Email with attachments, texts, messaging apps, audio or video recordings (including voicemail or recorded meetings), 3-D models, invoices, purchase orders,

-1-

>>financial records (including any general ledger), import records, prior art, invention records.

> 2. From the Following Custodians or Job Titles:
>> a. Zach Morrow, Lawrence DeMonico, any officer, contractor, or employee of any party
> 3. From the Following Systems, Servers, or Databases
>> a. Any in-house or online storage systems or service.

iii. **Preserved But Not Searched:** These data sources are not reasonably accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:

> 1. Systems no longer in use that cannot be accessed.

iv. **Not Preserved:** Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

> 1. Automatically saved versions of documents;
> 2. "Deleted," "slack," "fragmented," or "unallocated" data;
> 3. Random access memory (RAM) or other ephemeral data;
> 4. On-line access data such as temporary internet files, history, cache, cookies, etc.;
> 5. Data in metadata fields that are frequently updated automatically, such as last-opened dates;

      6. Backup data that is substantially duplicative of data that is more accessible elsewhere;

      7. ESI filtered out by spam and/or virus filtering software, so long as the criteria underlying the filtering are reasonable;

      8. Server, system, or network logs;

      9. System files (e.g., .EXE, .DLL, .SYS, etc.); and

      10. Other forms of ESI not listed here whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

    v. **ESI Retention Protocols:** Going forward, the parties agree *not to modify* the document and ESI retention/destruction protocols of *any party*.

    vi. **Cost Sharing:**

        The parties agree to bear their own costs for preservation of e-discovery

## II. Initial Disclosures

a. The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:
- Plaintiffs:   August 29, 2025.
- Defendants:   August 29, 2025.

## III. Scope of Discovery

a. **Scope:**  Discovery is necessary on the following subjects/issues:

- For Plaintiff:

    1. Identification of infringing products;
    2. Number and dates of manufacture, import, or sale of infringing products;
    3. Costs and revenue;
    4. Source(s) of infringing products;
    5. Wholesale customers of bulk sales;

- For Defense:

    6. General business practices of Plaintiffs;
    7. Relationship between Plaintiffs;
    8. License agreement between Plaintiffs;
    9. Prior art Plaintiffs were aware of and when;
    10. Inventorship;
    11. Sales made;
    12. Licensing;
    13. Issues associated with 35 U.S.C. §§ 101, 102, 103, 112 *et seq.*;
    14. Invalidity and unenforceability issues;
    15. Inequitable conduct issues;
    16. Any prior use;
    17. Potential patent misuse;

18. Possible violations of the Sherman Act, and

19. Prosecution histories.

## IV. Discovery Boundaries

a. **Limits:** The parties agree to limit the number of discovery tools as follows:

☐ Depositions:

☒ Interrogatories:           30 for each party

☐ Requests for Production:

## V. ESI

a. *Checklist:* *The Court has attached the "Checklist" for ESI Discovery prepared by the Federal District Court for the Northern District of California to assist counsel in their meet-and-confer session. Counsel should refer also to Dist. Idaho L. Rule 16.1(b).*

b. *Proportionality: Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:*

- *from more than 15 key custodians;*
- *that was created more than 5 years before the filing of the lawsuit;*
- *from sources that are not reasonably accessible without undue burden or cost; or*

- *for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection.  The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.*

c. **ESI File Format:**  The parties agree to produce documents in the following file format[s] *[check any that apply]*:

☒PDF;

☒TIFF;

☒Native; and/or

☐Paper.

d. **ESI Production Format:**  The parties agree that documents will be produced *[check any that apply]*:

☒with logical document breaks;

☒as searchable;

☐with load fields enabling review in common litigation databases such as Summation and Concordance;

☒with metadata, and, if so, in the following fields: confidentiality designation and any metadata captured by the produced files (native, PDF, or TIFF);

☒ emails will be produced with attachments.

e. **ESI Search Methodology**: The parties have agreed to use the following search methodology:

☐ Predictive coding (or technology assisted review);

☒ Keyword search;

☐ Other: _____.

f. **Search Methodology – Transparency:** The parties agree that they will share their search methodology for responding to requests for production of ESI to the following extent: *as reasonably requested*.

g. **General ESI Production vs. E-mail Production:** The parties agree that general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall include e-mail or other forms of electronic correspondence (collectively "e-mail").

h. **E-mail Custodian List Exchange:** On or before September 5, 2025, the parties agree to exchange lists identifying (1) likely e-mail custodians, and (2) a specific identification of the 15 most significant listed e-mail custodians in view of the pleaded claims and defenses.

i. **Liaison:** Each party will identify a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about), that party's ESI. This includes the technical aspects of e-discovery, including

the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## VI. Deadlines

a. The deadline for the completion of fact discovery is: July 1, 2026.

b. The deadline for completion of expert witness discovery is: September 30, 2026.

## VII. Phased or Issue-Specific Discovery

a. The parties agree to conduct discovery in phases, focusing in the first phase on key information that is easily accessible.  The parties will then use that the results of that initial phase of discovery to guide further discovery.

- **First Phase of Discovery**:  During the first phase, the parties will conduct discovery on the following subject[s]:  identification of infringing products, claim construction, subjects 1, 4-10, and 13-16 from Section III. a. above. Plaintiffs believe subject 2 should be included in the first phase. Defendants believe the first phase should include subject 11.

- **Scope of First Phase**:  During the first phase of discovery, the parties shall take the following discovery:

    - Depositions

- Interrogatories
- Requests for Production

- **Deadline for Completion of First Phase**: The parties shall complete the first phase of discovery on or before July 1, 2026.
- **Further Discovery**: Following completion of the first phase of discovery, the parties will meet together to determine what discovery, if any, is needed in the next phase (including on damages).

## VIII. Documents Protected From Discovery

a. **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its scheduling order unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

b. **Quick Peek:** The parties

☒*[agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case]*

> ☐*[agree to a "quick peek" process pursuant to Fed.R.Civ.P.*
>
> *26(b)(5) as set forth herein:  _____].*

c. **Post-Complaint Communications:**  Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

## IX.    Protective Order

a. The parties will attempt to agree to the terms of a Protective Order to protect trade secrets, proprietary material, personal information, financial information and will submit that to the Court for its approval.

b. *To aid the parties, the District of Idaho has developed a model protective order that can be found on the Court's website:*

   *https://id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm*

c. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Presented this 19th day of August, 2025:

For the Plaintiffs:

Jared W. Allen, ISB No. 5793
BEARD ST. CLAIR GAFFNEY PA
955 Pier View Drive
Idaho Falls, ID 83402
Tel: (208) 523-5171
Fax: (208) 529-9732
Email: allen@beardstclair.com

and

/Glenn D. Bellamy/
Glenn D. Bellamy (pro hac vice)
WOOD HERRON & EVANS LLP
600 Vine Street, Suite 2800
Cincinnati OH 45202
Tel: (513) 707-0243
Fax: (513) 241-6234
E-mail: gbellamy@whe-law.com

For the Defendants:

Joyce A. Hemmer, ISB #7202
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
Email: jah@elamburke.com

and

/John M. Skeriotis/
John M. Skeriotis, Ohio Bar #0069263
(Pro Hac Vice Application to be filed)
EMERSON, THOMSON & BENNETT, LLC
1914 Akron Peninsula Road
Akron, Ohio 44313
Telephone: (330) 434-9999
Facsimile: (330) 434-8888
Email: jms@etblaw.com