Jared W. Allen, ISB No. 5793
BEARD ST. CLAIR GAFFNEY PA
955 Pier View Drive
Idaho Falls, ID 83402
Tel: (208) 523-5171
Fax: (208) 529-9732
Email: allen@beardstclair.com

Glenn D. Bellamy, Ohio Bar No. 0070321
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 707-0243
Fax: (513) 241-6234
E-mail: gbellamy@whe-law.com

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW, an individual,<br><br>    Defendants, | Case No.:25-cv-298<br><br><br><br>**ANSWER TO DEFENDANTS' COUNTERCLAIMS** |

Plaintiff and Counterclaim Defendants' ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc ("Rare Breed") (collectively the "Counterclaim Defendants'"), by and through its attorneys, hereby answers Defendants' and Counterclaim Plaintiffs DNT LLC., d/b/a Deez Nutz Tactical

1

("DNT") and Zach Morrow ("Morrow"), (collectively the "Counterclaim Plaintiffs"), Counterclaims as follows:

## THE PARTIES

1. Counterclaim Defendants admit the allegations in Paragraph 1.

2. Counterclaim Defendants admit the allegations in Paragraph 2.

3. Counterclaim Defendants admit the allegations in Paragraph 3.

4. Counterclaim Defendants admit the allegations in Paragraph 4.

## JURISDICTION

5. Counterclaim Defendants admit the allegations in Paragraph 5.

6. Counterclaim Defendants admit the allegations in Paragraph 6.

## BACKGROUND

7. Counterclaim Defendants admit the allegations in Paragraph 7.

8. Counterclaim Defendants admit the allegations in Paragraph 8.

9. Counterclaim Defendants admit the allegations in Paragraph 9.

## COUNT I:
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '247 PATENT

10. Counterclaim Defendants respond as set forth in the preceding paragraphs.

### Prosecution of the '247 Patent

11. Counterclaim Defendants admit the allegations in Paragraph 11.

12. Counterclaim Defendants admit the allegations in Paragraph 12.

13. Counterclaim Defendants deny the allegations in Paragraph 13.

14. Counterclaim Defendants deny the allegations in Paragraph 14.

15. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 15 speak for themselves but denies any other allegation.

16. Counterclaim Defendants admit the allegations in Paragraph 16.

17. Counterclaim Defendants admit the allegations in Paragraph 17.

18. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 18 speak for themselves but denies any other allegation.

19. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

20. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 20 speak for themselves but denies any other allegation.

21. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 21 speak for themselves but denies any other allegation.

22. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 22 speak for themselves but denies any other allegation.

23. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 23 speak for themselves but denies any other allegation.

24. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 24 speak for themselves but denies any other allegation.

25. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 25 speak for themselves but denies any other allegation.

26. Counterclaim Defendants deny the allegations in Paragraph 26.

**TOMMY TRIGGERS FRT-15-3MD PRIOR ART**

27. Counterclaim Defendants assert that the structure of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art and deny any other allegation.

28. Counterclaim Defendants lack information necessary to either admit or deny the allegations in Paragraph 28.

29. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 29 speak for themselves but denies any other allegation.

30. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 30 speak for themselves but denies any other allegation.

31. Counterclaim Defendants admit the allegations in Paragraph 31, but state that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD and deny any other allegation.

32. Counterclaim Defendants admit the allegations in Paragraph 32, but state that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO as prior art in the application that became the '247 Patent. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD and deny any other allegation.

33. Counterclaim Defendants admit the allegations in Paragraph 33, but state that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO as prior art in the application that became the '247 Patent. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD and deny any other allegation.

34. Counterclaim Defendants admit the allegations in Paragraph 34 and state that the patent that claimed priority to this provisional application was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD and deny any other allegation.

35. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 35 speak for themselves but denies any other allegation.

36. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and denies that any relevant disclosure was missing from the cited prior art.

37. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and denies that any relevant disclosure was missing from the cited prior art.

38. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 38 speak for themselves but denies any other allegation.

39. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 39 speak for themselves but denies any other allegation.

40. Counterclaim Defendants deny the allegations in Paragraph 40.

41.   Counterclaim Defendants deny the allegations in Paragraph 41 and states that the Examiner was aware of the structure of the FRT-15-3MD as prior art and found the claims patentable.

42.   Counterclaim Defendants deny the allegations in Paragraph 42 and state that the Examiner was aware of the structure and operation of the FRT-15-3MD as prior art and found the claims patentable.

43.   Counterclaim Defendants deny the allegations in Paragraph 43. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

44.   Counterclaim Defendants deny the allegations in Paragraph 44 and state that the Information Disclosure Statement filed in the '225 Application was on behalf of all parties who had a duty of disclosure.

45.   Counterclaim Defendants deny the allegations in Paragraph 45.

46.   Counterclaim Defendants admit *Rare Breed Triggers, LLC v. Strbac,* Case No. 1:22-cv-280 (N.D. of Ohio) was dismissed in October 2022 and state that the structure and operation of the FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in this poaragraph.

47.   Counterclaim Defendants deny the allegations in Paragraph 47.

## **RARE BREED FRT-15E3 PRIOR ART**

48. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 48 speak for themselves but denies any other allegation.

49. Counterclaim Defendants deny that the referenced video confirms details about the FRT-15E3.

50. Counterclaim Defendants deny that an enabling disclosure of the FRT-15E3 was made to the public before the effective filing date of the '225 Application.

51. Counterclaim Defendants deny the allegations in Paragraph 51.

52. Counterclaim Defendants deny the allegations in Paragraph 52.

53. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and deny the remaining allegations of Paragraph 53.

54. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and deny the remaining allegations of Paragraph 54.

55. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and deny the remaining allegations of Paragraph 55.

56. Counterclaim Defendants deny the allegations in Paragraph 56.

57. Counterclaim Defendants deny the allegations in Paragraph 57.

58. Counterclaim Defendants deny the allegations in Paragraph 58.

59. Counterclaim Defendants deny the allegations in Paragraph 59 and deny that the FRT-15E3 is prior art.

60. Counterclaim Defendants deny the allegations in Paragraph 60 and deny that the FRT-15E3 is prior art.

61. Counterclaim Defendants admit the allegations in Paragraph 61 and deny that the FRT-15E3 was prior art.

62. Counterclaim Defendants deny the allegations in Paragraph 62.

## THE '247 PATENT IS UNENFORCEABLE

63. Counterclaim Defendants deny the allegations in Paragraph 63.

64. Counterclaim Defendants admit that the Defendants request a declaration of unenforceability but deny that Counterclaim Plaintiffs are entitled to such relief.

## COUNT II:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '247 PATENT

65. Counterclaim Defendants repeat and re-allege its answers to the preceding paragraphs as if set forth fully herein.

66. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 66 speak for themselves but denies any other allegation.

67. Counterclaim Defendants admit the allegations in Paragraph 67.

68. Counterclaim Defendants admit the allegations of Paragraph 68 but assert that the structure and operation of the FRT-15-3MD was fully disclosed to and considered by the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

69. Counterclaim Defendants deny the allegations in Paragraph 69.

70. Counterclaim Defendants admit the allegations in Paragraph 70.

71. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 71 speak for themselves but deny any other allegation.

72. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 72 speak for themselves but denies any other allegation.

73. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 73 speak for themselves but denies any other allegation.

74. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 74 speak for themselves but denies any other allegation.

75. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 75 speak for themselves but denies any other allegation.

76. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 76 speak for themselves but denies any other allegation.

77. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 77 speak for themselves but denies any other allegation.

78. Counterclaim Defendants assert that the structure and operation of the FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

79. Counterclaim Defendants deny the allegations in Paragraph 79.

80. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and that the structure and function of the FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in this poaragraph.

81. Counterclaim Defendants deny the allegations in Paragraph 81.

82. Counterclaim Defendants admit that Defendants request a declaration from this court, but deny that Counterclaim Plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), and without admitting or acknowledging that it bears the burden of proof as to any of them, ABC and Rare Breed assert the following affirmative defenses to Defendants'/Counterclaim Plaintiffs' Counterclaims.

1. The Counterclaims fail to state a claim upon which relief can be granted.
2. Defendants' counterclaims fail in whole or in part under principles of equity, including, without limitation, because of Plaintiffs' unclean hands and acts done in bad faith.

## RESERVATION OF RIGHTS

In asserting these defenses, Counterclaim Defendants have not knowingly or intentionally waived any applicable defenses. Counterclaim Defendant's reserve the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action, including discovery. Counterclaim Defendants' reserve the right to amend or seek to amend its answer or affirmative defenses.

## PRAYER FOR RELIEF

ABC and Rare Breed deny that Counterclaim Plaintiffs are entitled to any of the relief requested and also deny that such requested relief could properly be granted to Counterclaim Plaintiffs. ABC and Rare Breed request that the Court dismiss and/or deny any relief for any of the asserted Counterclaims.

December 8, 2025

                            Respectfully submitted,

                            /Glenn D. Bellamy/
                            Glenn D. Bellamy (Ohio Bar No. 0070321)
                            Wood Herron & Evans LLP
                            600 Vine Street, Suite 2800
                            Cincinnati OH 45202
                            E-mail: gbellamy@whe-law.com
                            Tel: (513) 707-0243

                            *Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 8, 2025, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*s/ Glenn D. Bellamy*
Glenn D. Bellamy
