# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Super Safety Patent Litigations | ) ) ) ) ) ) |
| | MDL No. _____ |

## DEFENDANTS' MOTION TO TRANSFER FOR COORDINATION
## OR CONSOLIDATION UNDER 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendants 80Mills LLC d/b/a Tactical Titan Supply; Pearson Gardner; DNT LLC d/b/a Deez Nutz Tactical; Zach Morrow; Z3 Productions LLC d/b/a Z3 PRO; Harrison Gunworks LLC; Tyler Harrison; Hanes Tactical LLC; Damion Terrell Bennett; and Steven Thanh Nguyen d/b/a Polymer Pew (collectively, "Movants"), and any other defendant(s) that may join this Motion, respectfully move the Judicial Panel on Multidistrict Litigation (the "Panel") to transfer for coordinated or consolidated pretrial proceedings the patent infringement actions identified on Schedule A (the "Actions"), as well as any related actions later filed and treated as tag-along actions, to the United States District Court for the Northern District of Ohio and assign the proceedings to the Honorable J. Philip Calabrese.

Centralization is warranted because the Actions involve common questions of fact and law arising from the nationwide campaign of Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc., alleging that multiple defendants infringe the same core patents directed to trigger devices and related components. Each Action alleges infringement of claim 15 of U.S. Patent No. 12,038,247 (the "'247 Patent") by a product called the Super Safety. Several Actions additionally allege

1

infringement of U.S. Patent No. 7,398,723 (the "'723 Patent"), and one Action asserts additional related patents.

Absent transfer under § 1407, the parties and courts will confront duplicative discovery and overlapping pretrial issues, including (among other things): (i) the scope and construction of the asserted patent claims and the meaning of disputed claim terms; (ii) the patents' prosecution histories, priority, inventorship, and ownership; (iii) validity and enforceability defenses; (iv) Plaintiffs' infringement theories and damages methodology; and (v) expert discovery on technical and damages issues common to multiple Actions. Without centralization, multiple courts could reach inconsistent rulings on claim construction, validity-related issues, infringement-related issues, discovery disputes, and other common pretrial matters, and the parties will incur the significant expense and burden of repeating discovery in six different Actions.

The Northern District of Ohio is the most appropriate transferee forum. One of the Actions is already pending there—*ABC IP, LLC and Rare Breed Triggers, Inc. v. 80Mills LLC and Pearson Gardner*, No. 1:25-cv-01262 (N.D. Ohio filed June 17, 2025) ("Ohio Action")—and that court is a geographically convenient and logical hub for coordinated proceedings. Ohio is centrally located, and the Northern District of Ohio is particularly convenient because key parties and counsel for both sides are located in Ohio, and 80Mills LLC is established in the district. The Honorable J. Philip Calabrese, who is currently presiding over the Ohio Action, has experience managing complex matters, including multidistrict litigation (e.g., *In re: Suboxone Film Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3092) and patent litigation.

For these reasons, transfer for coordination or consolidation under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

WHEREFORE, Movants respectfully request that the Panel enter an order transferring the Actions listed on Schedule A, and all related tag-along actions, to the United States District Court for the Northern District of Ohio for coordinated or consolidated pretrial proceedings before the Honorable J. Philip Calabrese.

Dated: December 23, 2025

Respectfully submitted,

**EMERSON, THOMSON & BENNETT, LLC**

/s/ *John M. Skeriotis*
John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar # 0089101)
sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile
*Attorneys for Defendants/Movants:*
*80Mills LLC d/b/a Tactical Titan Supply; Pearson Gardner; DNT LLC d/b/a Deez Nutz Tactical; Zach Morrow; Z3 Productions LLC d/b/a Z3 PRO; Harrison Gunworks LLC; Tyler Harrison; Hanes Tactical LLC; Damion Terrell Bennett; and Steven Thanh Nguyen d/b/a Polymer Pew*

# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

In re: Super Safety Patent Litigations

MDL No. _____

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER FOR COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

I.  FACTUAL BACKGROUND ......................................................................................2

    A.  The Actions and Parties ...................................................................................2

    B.  The Asserted Patents .......................................................................................3

II. LEGAL STANDARD ..................................................................................................3

III. ARGUMENT ...............................................................................................................4

    A.  The Actions Involve Common Questions of Fact and Law .............................4

    B.  Centralization Will Serve the Convenience of Parties and Witnesses .............6

    C.  Centralization Will Promote the Just and Efficient Conduct of the Actions ...7

    D.  The Northern District of Ohio Is the Appropriate Transferee Forum .............8

CONCLUSION ......................................................................................................................8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re Acacia Media Techs. Corp. Pat. Litig.*,
  360 F. Supp. 2d 1377 (J.P.M.L. 2005)...................................................................7

*In re Bear Creek Techs., Inc. ('722) Pat. Litig.*,
  858 F. Supp. 2d 1375 (J.P.M.L. 2012)................................................................4, 6

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
  626 F. Supp. 2d 1341 (J.P.M.L. 2009)...................................................................6

*In re Embro Pat. Infringement Litig.*,
  328 F. Supp. 507 (J.P.M.L. 1971)..........................................................................6

*In re Mobile Telecomm. Techs., LLC Pat. Litig.*,
  222 F. Supp. 3d 1337 (J.P.M.L. 2016)...............................................................4, 6

*In re Pipe Flashing Pat. Litig.*,
  713 F. Supp. 3d 1414 (J.P.M.L. 2024)...................................................................7

*In re Proven Networks, LLC, Pat. Litig.*,
  492 F. Supp. 3d 1338 (J.P.M.L. 2020)...............................................................4, 5

*In re RAH Color Techs. LLC Pat. Litig.*,
  347 F. Supp. 3d 1359 (J.P.M.L. 2018)...................................................................5

*In re Taasera Licensing, LLC, Pat. Litig.*,
  619 F. Supp. 3d 1352 (J.P.M.L. 2022)............................................................4, 5, 7

**Statutes**

28 U.S.C. § 1407................................................................................................*passim*

# INTRODUCTION

This litigation is a textbook case for centralization under 28 U.S.C. § 1407. Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. (collectively, "Plaintiffs") have filed six separate patent infringement actions across five federal districts against different defendants, but each action turns on common questions of fact and law regarding the same core asserted patent — U.S. Patent No. 12,038,247 ("the '247 Patent"), and in particular claim 15 of that patent, asserted against a product called the Super Safety. Several actions also assert additional related patents, including U.S. Patent No. 7,398,723 ("the '723 Patent"). Absent centralization, six courts will be asked to address overlapping issues of claim construction, validity and enforceability, infringement theories, and damages issues in parallel, creating a substantial risk of inconsistent rulings and unnecessary duplication of effort. The Actions for which transfer and centralization are sought are:

1. *Rare Breed Triggers, Inc. and ABC IP, LLC v. DNT LLC and Zach Morrow*, No. 4:25-cv-00298 (D. Idaho filed June 6, 2025);

2. *ABC IP, LLC and Rare Breed Triggers, Inc. v. Harrison Gunworks LLC and Tyler Harrison*, No. 4:25-cv-00299 (D. Idaho filed June 6, 2025);

3. *ABC IP, LLC and Rare Breed Triggers, Inc. v. Hanes Tactical LLC and Damion Terrell Bennett*, No. 3:25-cv-00201 (W.D. Tex. filed June 6, 2025);

4. *ABC IP, LLC and Rare Breed Triggers, Inc. v. 80Mills LLC and Pearson Gardner*, No. 1:25-cv-01262 (N.D. Ohio filed June 17, 2025);

5. *ABC IP, LLC and Rare Breed Triggers, Inc. v. Z3 Productions LLC*, No. 5:25-cv-00695 (W.D. Okla. filed June 23, 2025); and

6. *ABC IP, LLC and Rare Breed Triggers, Inc. v. Steven Thanh Nguyen*, No. 4:25-cv-02961 (S.D. Tex. filed June 26, 2025).

1

Formal centralization is warranted to eliminate the significant inefficiencies and potential for inconsistent results that would follow from requiring six different courts to oversee related parties, common patent issues, overlapping discovery, and repeating claim construction proceedings. Transfer to a single forum will permit one court to manage a uniform schedule, coordinate discovery, supervise claim construction, and resolve common motions in a consistent manner.

Movants respectfully submit that the Northern District of Ohio is the most appropriate transferee forum. One of the Actions is already pending there, the district is centrally located and convenient for parties and counsel, and the Honorable J. Philip Calabrese—who is presiding over the Northern District of Ohio action—has experience managing complex litigation, including multidistrict litigation. Centralization in the Northern District of Ohio will serve the convenience of parties and witnesses and promote the just and efficient conduct of these Actions.

I. **FACTUAL BACKGROUND**

   A. **The Actions and Parties**

Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. have filed six related patent infringement actions against different defendants in the District of Idaho (two actions), the Western District of Texas, the Northern District of Ohio, the Western District of Oklahoma, and the Southern District of Texas. Although the defendants vary, Plaintiffs' complaints reflect a coordinated filing campaign asserting infringement of the same core patent claim across multiple districts.

All six Actions were filed within a three-week period in June 2025. The Actions are therefore proceeding on parallel tracks in multiple courts, and absent centralization each court will

be required to duplicate much of the same work in overseeing discovery, resolving disputes, and addressing claim construction and validity issues common to the asserted patents.

B. **The Asserted Patents**

Each Action asserts infringement of claim 15 of the '247 Patent against a product called the Super Safety. Several Actions also assert additional patents. Differences in the set of additional patents asserted in particular actions do not diminish the substantial overlap in the core factual issues presented by Plaintiffs' claims, including claim construction, prosecution history, priority, and validity issues concerning the '247 Patent.

| **Defendants & Action** | **Asserted Patents (as alleged)** | **Docket Sheet & Operative Complaint** |
|---|---|---|
| *DNT LLC and Zach Morrow* No. 4:25-cv-00298 (D. Idaho) | 12,038,247 (claim 15); 7,398,723 | Exhibit 1 |
| *Harrison Gunworks LLC and Tyler Harrison* No. 4:25-cv-00299 (D. Idaho) | 12,038,247 (claim 15); 10,514,223; 11,724,003; 12,036,336; 12,274,807 | Exhibit 2 |
| *Hanes Tactical LLC and Damion Bennett* No. 3:25-cv-00201 (W.D. Tex.) | 12,038,247 (claim 15); 7,398,723 | Exhibit 3 |
| *80Mills LLC and Pearson Gardner* No. 1:25-cv-01262 (N.D. Ohio) | 12,038,247 (claim 15); 7,398,723 | Exhibit 4 |
| *Z3 Productions LLC* No. 5:25-cv-00695 (W.D. Okla.) | 12,038,247 (claim 15) | Exhibit 5 |
| *Steven Nguyen* No. 4:25-cv-02961 (S.D. Tex.) | 12,038,247 (claim 15) | Exhibit 6 |

II. **LEGAL STANDARD**

The Panel may order the transfer of civil actions pending in different districts for coordinated or consolidated pretrial proceedings when the actions involve "one or more common

3

questions of fact" and transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). In applying this standard, the Panel has repeatedly recognized that centralization is appropriate in patent litigations where common issues concerning claim construction, patent validity, and related discovery predominate, even if the actions involve different accused products or different combinations of asserted patents.

Centralization is appropriate where overlapping patents will require the parties and courts to address common issues such as claim construction, validity and enforceability defenses, and discovery concerning prior art, prosecution history, inventorship, and damages. *See, e.g., In re Taasera Licensing, LLC, Pat. Litig.*, 619 F. Supp. 3d 1352, 1352-53 (J.P.M.L. 2022) (centralization warranted where claim construction and validity issues predominated); *In re Bear Creek Techs., Inc. ('722) Pat. Litig.*, 858 F. Supp. 2d 1375, 1379 (J.P.M.L. 2012) (Panel has often centralized litigation involving different products alleged to infringe common patents).

The Panel does not require complete identity of claims or patents to order transfer; differences in the patents asserted or accused products do not defeat centralization when the actions share substantial common questions of fact. *See In re Proven Networks, LLC, Pat. Litig.*, 492 F. Supp. 3d 1338, 1339 (J.P.M.L. 2020) (centralizing patent actions notwithstanding that "different combinations of patents" were asserted); *In re Mobile Telecomm. Techs., LLC Pat. Litig.*, 222 F. Supp. 3d 1337, 1338 (J.P.M.L. 2016) (same).

### III. ARGUMENT

#### A. The Actions Involve Common Questions of Fact and Law

Centralization is warranted because the Actions indisputably share common questions of fact and law. Most importantly, each Action asserts infringement of the same patent claim: claim

4

15 of the '247 Patent. Accordingly, each court will be required to construe the same claim language and address overlapping issues of patent validity, enforceability, infringement, and damages. The Panel has consistently held that these types of overlapping patent issues satisfy Section 1407's "common questions of fact" requirement. *See, e.g., In re Taasera Licensing, LLC, Pat. Litig.*, 619 F. Supp. 3d at 1352-53; *In re RAH Color Techs. LLC Pat. Litig.*, 347 F. Supp. 3d 1359, 1360 (J.P.M.L. 2018).

Common issues will include, at minimum: (a) the meaning and scope of the limitations of claim 15 of the '247 Patent; (b) the '247 Patent's prosecution history, priority claims, and any related proceedings; (c) prior art and other evidence relevant to validity (including anticipation and obviousness defenses); (d) Plaintiffs' ownership and standing theories; and (e) Plaintiffs' infringement and damages methodologies that will be advanced across multiple Actions against the same product: the Super Safety. These issues will necessarily be explored through overlapping discovery, including common document discovery and deposition testimony from Plaintiffs, inventors and prosecuting attorneys (where relevant), third-party prior-art witnesses, and overlapping technical and damages experts.

The presence of additional patents in some Actions does not undermine the substantial overlap created by the '247 Patent. The Panel routinely centralizes patent actions even where "different combinations of patents are asserted" across cases, because the common patents and defenses create sufficient overlap to warrant coordinated pretrial proceedings. *See In re Proven Networks, LLC, Pat. Litig.*, 492 F. Supp. 3d at 1339. Similarly, any differences in the specific accused products at issue do not defeat centralization where, as here, common questions concerning claim construction, infringement, and validity will predominate. *See In re Bear Creek*

5

*Techs., Inc. ('722) Pat. Litig.*, 858 F. Supp. 2d at 1379; *In re Mobile Telecomm. Techs., LLC, Pat. Litig.*, 222 F. Supp. 3d at 1338.

Finally, the Panel has long recognized that patent validity presents common factual questions that support centralization. *See In re Embro Pat. Infringement Litig.*, 328 F. Supp. 507, 508 (J.P.M.L. 1971) ("We have consistently held that the issue of patent validity presents common questions of fact which satisfy the statutory requirements of § 1407."). This principle applies with particular force where, as here, all Actions assert the same patent claim and will give rise to overlapping validity defenses and expert analyses.

### B. Centralization Will Serve the Convenience of Parties and Witnesses.

Centralization will serve the convenience of the parties and witnesses by eliminating duplicative discovery and avoiding the need for common witnesses to appear in multiple jurisdictions. *See In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 626 F. Supp. 2d 1341, 1342 (J.P.M.L. 2009) (centralization before a single judge ensures that common parties and witnesses are not subjected to duplicative discovery).

Without centralization, the parties face the prospect of repeating the same core efforts in six courts, including: (a) producing and reviewing overlapping categories of documents concerning the asserted patents; (b) litigating similar protective-order and ESI issues; (c) engaging in multiple rounds of expert discovery on claim construction and validity; and (d) conducting multiple Markman proceedings focused on the same patent claim. Centralization will streamline these processes and reduce the burden on parties, witnesses, and counsel.

The geographic dispersion of the Actions further supports centralization. The Actions are pending in Idaho, Texas (two districts), Oklahoma, and Ohio. Coordinating common discovery and motion practice across that footprint will impose substantial costs and inefficiencies absent an

6

MDL structure. A single transferee court can establish coordinated procedures to minimize travel and duplication, including the use of coordinated deposition scheduling and uniform protocols for expert discovery.

### C. Centralization Will Promote the Just and Efficient Conduct of the Actions.

Centralization will promote the just and efficient conduct of these Actions by conserving judicial resources and preventing inconsistent pretrial rulings, particularly with respect to claim construction and patent validity. *See In re Taasera Licensing, LLC, Pat. Litig.*, 619 F. Supp. 3d at 1352-53 (centralization eliminates duplicative discovery and prevents inconsistent pretrial rulings, particularly on claim construction); *In re Acacia Media Techs. Corp. Pat. Litig.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005) (same).

Absent centralization, six courts will be required to become familiar with the same asserted patent claim and related technology, and may be called upon to decide substantially similar disputes regarding claim construction, discovery scope, validity challenges, and damages-related discovery. The Panel has recognized that this duplication creates an unnecessary burden on the judiciary and increases the risk of inconsistent rulings. *See In re Pipe Flashing Pat. Litig.*, 713 F. Supp. 3d 1414, 1415 (J.P.M.L. 2024) (noting risk of inconsistent rulings and unnecessary expenditure of judicial resources absent centralization).

Centralization is especially appropriate at this stage because the Actions were filed in close temporal proximity. Coordinating pretrial proceedings now will maximize efficiencies and minimize the risk that inconsistent schedules and rulings will entrench duplicative work. Once centralized, the transferee court can structure coordinated procedures for claim construction, invalidity contentions, and expert discovery that will benefit all parties and the courts.

7

### D.     The Northern District of Ohio Is the Appropriate Transferee Forum.

Movants respectfully submit that the Northern District of Ohio is the most appropriate transferee forum. One Action is already pending in that district (No. 1:25-cv-01262, "Ohio Action"), and the Northern District of Ohio is centrally located and readily accessible. Proceedings there would be convenient for parties and counsel, including because 80Mills LLC is established in the district and certain parties and counsel for both sides reside in Ohio.

The Panel commonly selects a transferee forum where an action is already pending and where the court can efficiently manage common pretrial issues. Here, centralization in the Northern District of Ohio will leverage the court's familiarity with the Ohio Action and provide an efficient framework for managing the overlapping patent issues across all Actions.

Judge J. Philip Calabrese, who is presiding over the Ohio Action, is well-suited to oversee coordinated proceedings. He has experience managing complex litigation and currently oversees multidistrict litigation proceedings, including *In re Suboxone Film Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3092. His experience will promote efficient and consistent case management for this coordinated patent litigation.

For these reasons, the Northern District of Ohio and Judge Calabrese provide the most logical and convenient forum for coordinated pretrial proceedings, and centralization there will best serve the statutory goals of Section 1407.

### CONCLUSION

For the foregoing reasons, Movants respectfully request that the Panel grant the accompanying Motion and transfer the Actions listed on Schedule A, as well as any tag-along actions, to the United States District Court for the Northern District of Ohio for coordinated or consolidated pretrial proceedings before the Honorable J. Philip Calabrese.

8

Dated: December 23, 2025  Respectfully submitted,

          **EMERSON, THOMSON & BENNETT, LLC**

          <u>/s/ *John M. Skeriotis*</u>
          John M. Skeriotis (Ohio Bar # 0069263)
          jms@etblaw.com
          Sergey Vernyuk (Ohio Bar # 0089101)
          sv@etblaw.com
          1914 Akron-Peninsula Rd.
          Akron, Ohio 44313
          (330) 434-9999 – Telephone
          (330) 434-8888 – Facsimile
          *Attorneys for Defendants/Movants:*
          *80Mills LLC d/b/a Tactical Titan Supply; Pearson Gardner; DNT LLC d/b/a Deez Nutz Tactical; Zach Morrow; Z3 Productions LLC d/b/a Z3 PRO; Harrison Gunworks LLC; Tyler Harrison; Hanes Tactical LLC; Damion Terrell Bennett; and Steven Thanh Nguyen d/b/a Polymer Pew*

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re: Super Safety Patent Litigations                MDL No. _____

**SCHEDULE A
ACTIONS TO BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1407**

| Case Captions | Civil Action No. | District | Assigned Judge |
|---|---|---|---|
| **Plaintiffs:** Rare Breed Triggers, Inc.; ABC IP, LLC **Defendants:** DNT LLC d/b/a Deez Nutz Tactical; Zach Morrow | 4:25-cv-00298 | D. Idaho (Pocatello – Eastern) | Amanda K. Brailsford |
| **Plaintiffs:** ABC IP, LLC; Rare Breed Triggers, Inc. **Defendants:** Harrison Gunworks LLC; Tyler Harrison | 4:25-cv-00299 | D. Idaho (Pocatello – Eastern) | Amanda K. Brailsford |
| **Plaintiffs:** ABC IP, LLC; Rare Breed Triggers, Inc. **Defendants:** 80Mills LLC d/b/a Tactical Titan Supply; Pearson Gardner | 1:25-cv-01262 | N.D. Ohio (Eastern – Cleveland) | J. Philip Calabrese |
| **Plaintiffs:** ABC IP, LLC; Rare Breed Triggers, Inc. **Defendants:** Z3 Productions LLC d/b/a Z3 PRO | 5:25-cv-00695 | W.D. Oklahoma | Charles Goodwin |
| **Plaintiffs:** ABC IP, LLC; Rare Breed Triggers, Inc. **Defendants:** Steven Thanh Nguyen d/b/a Polymer Pew | 4:25-cv-02961 | S.D. Texas (Houston) | George C. Hanks, Jr. |
| **Plaintiffs:** ABC IP, LLC; Rare Breed Triggers, Inc. **Defendants:** Hanes Tactical LLC; Damion Terrell Bennett | 3:25-cv-00201 | W.D. Texas (El Paso) | David C. Guaderrama |

**Note regarding asserted patents:**

Each Action asserts infringement of claim 15 of U.S. Patent No. 12,038,247. In addition, the D. Idaho (4:25-cv-00298), W.D. Texas (3:25-cv-00201), and N.D. Ohio (1:25-cv-01262) Actions also assert U.S. Patent No. 7,398,723; and the D. Idaho (4:25-cv-00299) Action also asserts U.S. Patent Nos. 10,514,223; 11,724,003; 12,036,336; and 12,274,807.

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: Super Safety Patent Litigations            MDL No. _____

## STATEMENT REGARDING ORAL ARGUMENT

Movants respectfully request oral argument on this Motion to Transfer to answer any questions that the Panel may have. Alternatively, if the Panel concludes that oral argument is unnecessary, Movants do not oppose submission on the papers.

Respectfully submitted,

**EMERSON, THOMSON & BENNETT, LLC**

/s/ *John M. Skeriotis*
John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar # 0089101)
sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile
*Attorneys for Defendants/Movants:*
*80Mills LLC d/b/a Tactical Titan Supply; Pearson Gardner; DNT LLC d/b/a Deez Nutz Tactical; Zach Morrow; Z3 Productions LLC d/b/a Z3 PRO; Harrison Gunworks LLC; Tyler Harrison; Hanes Tactical LLC; Damion Terrell Bennett; and Steven Thanh Nguyen d/b/a Polymer Pew*

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: Super Safety Patent Litigations                    MDL No. _____

## PROOF OF SERVICE

I hereby certify that on December 23, 2025, I caused a true and correct copy of the foregoing Motion and accompanying papers to be served by email and/or First Class Mail upon the following in accordance with the Rules of Procedure of the Judicial Panel on Multidistrict Litigation:

**Clerks of Courts**

Clerk of Court
U.S. Courthouse
801 E. Sherman Street
Room 119
Pocatello, ID 83201

Clerk of Court
Carl B. Stokes U.S. Court House
801 West Superior Avenue
Cleveland, OH 44113

Clerk of Court
William J. Holloway, Jr. U.S. Courthouse
200 NW 4th Street
Oklahoma City, OK 73102

Clerk of Court
Bob Casey U.S. Courthouse
515 Rusk Avenue
Houston, TX 77002

Clerk of Court
U.S. Courthouse
525 Magoffin Avenue
Suite 105
El Paso, TX 79901

**Parties**

Glenn D. Bellamy
gbellamy@whe-law.com
Wood Herron & Evans LLP
600 Vine Street
Suite 2800
Cincinnati, OH 45202
*Counsel for ABC IP, LLC and Rare Breed Triggers, Inc. in all of the cases on Schedule A*

with a courtesy copy by email to the following local counsel for ABC IP, LLC and Rare Breed Triggers, Inc. in the respective indicated cases:

Jared W. Allen (D. Idaho, nos. 4:25-cv-00298 and 4:25-cv-00299)
allen@beardstclair.com

Colin H. Tucker (W.D. Okla., no. 5:25-cv-00695)
chtucker@rhodesokla.com

Francisco J. Caycedo (S.D. Tex., no. 4:25-cv-02961)
frank.caycedo@arlaw.com

Whitney A. Davis (W.D. Tex., no. 3:25-cv-00201)
whit@ekdlaw.com

Respectfully submitted,

**EMERSON, THOMSON & BENNETT, LLC**

/s/ *John M. Skeriotis*
John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar # 0089101)
sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile
*Attorneys for Defendants/Movants:*
*80Mills LLC d/b/a Tactical Titan Supply; Pearson Gardner; DNT LLC d/b/a Deez Nutz Tactical; Zach Morrow; Z3 Productions LLC d/b/a Z3 PRO; Harrison Gunworks LLC; Tyler Harrison; Hanes Tactical LLC; Damion Terrell Bennett; and Steven Thanh Nguyen d/b/a Polymer Pew*